# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

---

SHIRLEY JOYNER and
JAMES JOYNER,

               Plaintiffs,

v.

                                               Case No. 23-CV-10715
                                               Hon. Linda V. Parker

CITY OF DETROIT, a municipal
Corporation, THE DETROIT LAND BANK,
AUTHORITY, a Public- benefit corporation,
SUPREME TEAM DISASTER UNIT, LLC,
A Michigan limited liability corporation, and
CHARLES HENDON,

               Defendants.

---

Megan Dakhallah (P84205)
Dakhallah Law P.L.L.C.
Attorney for Plaintiff
6200 Schaefer Rd. Ste. 202
Dearborn, MI 48126
(248) 800-9045
Fax: (313) 943-3358
dakhallahlaw@gmail.com

Abigail McIntyre (P71143)
City of Detroit Law Department
Attorneys for City of Detroit
2 Woodward Avenue, Ste. 500
Detroit, MI. 48226
(313) 237-6387
Fax: (313) 237-3057
abigail.mcintyre@detroitmi.gov

Nathan J. Fink (P75185)
Fink Bressack PLLC
Attorney for Detroit Land Bank
Authority
38500 Woodward Avenue, Suite 350
Bloomfield Hills, MI 48304
(248) 971-2500
Fax: (248) 971-2800
nfink@finkbressack.com

---

## <u>DEFENDANT CITY OF DETROIT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

To:     Clerk of the Court

Please accept the attached **Defendant City of Detroit's Motion to Dismiss Plaintiff's First Amended Complaint** for filing in case: **23-CV-10715.** Thank you for your attention to this matter.

Respectfully submitted,

/s/ *Marceya L. Clark*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

---

SHIRLEY JOYNER and
JAMES JOYNER,

            Plaintiffs,

v.

CITY OF DETROIT, a municipal
Corporation, THE DETROIT LAND BANK,
AUTHORITY, a Public- benefit corporation,
SUPREME TEAM DISASTER UNIT, LLC,
A Michigan limited liability corporation, and
CHARLES HENDON,

            Defendants.

Case No. 23-CV-10715
Hon. Linda V. Parker

---

Megan Dakhallah (P84205)
Dakhallah Law P.L.L.C.
Attorney for Plaintiff
6200 Schaefer Rd. Ste. 202
Dearborn, MI 48126
(248) 800-9045
Fax: (313) 943-3358
dakhallahlaw@gmail.com

Nathan J. Fink (P75185)
Fink Bressack PLLC
Attorney for Detroit Land Bank
Authority
38500 Woodward Avenue, Suite 350
Bloomfield Hills, MI 48304
(248) 971-2500
Fax: (248) 971-2800
nfink@finkbressack.com

Abigail McIntyre (P71143)
City of Detroit Law Department
Attorneys for City of Detroit
2 Woodward Avenue, Ste. 500
Detroit, MI. 48226
(313) 237-6387
Fax: (313) 237-3057
abigail.mcintyre@detroitmi.gov

---

1

## <u>DEFENDANT CITY OF DETROIT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT</u>

**NOW COMES** Defendant City of Detroit, by and through its undersigned counsel, for its Motion to Dismiss Plaintiffs' Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), states as follows:

As more fully addressed in the Brief below, the Amended Complaint against the City of Detroit should be dismissed because the Court lacks jurisdiction and Plaintiffs have failed to state a claim upon which relief can be granted.

Pursuant to Local Rule 7.1(a), undersigned counsel met and conferred by telephone with Plaintiffs' counsel on concerning these issues and the City's planned motion. Plaintiffs' counsel would not agree to dismiss the amended complaint, and concurrence on this motion was not obtained.

**WHEREFORE**, Defendant City of Detroit respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiffs' Amended Complaint and dismiss this case with prejudice.

Respectfully Submitted,

Dated: September 12, 2023

/s/ *Abigail McIntyre*

Abigail McIntyre (P71143)
City of Detroit Law Department
Attorneys for City of Detroit
2 Woodward Avenue, Ste. 500
Detroit, MI. 48226
(313) 237-6387
Fax: (313) 237-3057
abigail.mcintyre@detroitmi.gov

## STATEMENT OF THE ISSUES PRESENTED

Question: Have Plaintiffs failed to show that this Court has jurisdiction because these matters have been fully adjudicated in state court, and are barred by claim preclusion?

Answer: Yes

Question:  Have Plaintiffs failed to allege facts showing a violation of the Eighth Amendment by the imposition of excessive fines?

Answer:  Yes.

Question:  Have Plaintiffs failed to allege facts showing the imposition of excessive fines in violation of Article I, Section Sixteen of the State of Michigan Constitution?

Answer:  Yes.

Question:  Have Plaintiffs failed to allege facts showing unlawful taking in violation Fifth Amendment?

Answer:  Yes.

Question: Have Plaintiffs failed to allege facts showing a lack of due process in violation of the Fourteenth Amendment?

Answer:  Yes.

<u>Question:</u>  Have Plaintiffs failed to allege facts showing a violation of the Seventeenth Amendment?

<u>Answer:</u> Yes.

<u>Question:</u> Have Plaintiffs failed to allege facts showing that BSEED acted in Bad Faith?

<u>Answer:</u> Yes.

<u>Question:</u>  Have Plaintiffs failed to allege facts showing legal coercion is a valid cause of action that was committed unjustly by BSEED?

<u>Answer:</u> Yes.

# <u>TABLE OF AUTHORITIES</u>

## Cases

1.  *Am-Pro Protective Agency Inc. v. United States*,
    281 F.3d 1234, 1239 (Fed.Cir. 2002) …....…..…….…..……….……......…. 20

2.  *Ashcroft v. Iqbal*,
    556 U.S. 662, 677-78 (2009) …………………….…...…..……..….………. 9

3.  *Austin v. United States*,
    509 U.S. 602 (1993) ………..……………………………….……….………… 15

4.  *Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 555 (2007) ..…………………….…..……………………. 10

5.  *Bell Bakeries, Inc. v. Jefferson Standard Life Ins. Co.*,
    245 N.C. 408, 419, 96 S.E.2d 408, 416 (1957) ……………………….…… 22

6.  *Cartwright v. Garner*,
    751 F.3d 752, 759 (6th Cir. 2014) ..…………….………………..….…… 9

7.  *Gadsden v. United States*,
    111 Ct. Cl. 489, 492, 1221 F.Supp. 126 (1948) ..…………...….……....… 20

8.  *Helena Chemical Co. v. Rivenbark*,
    45 N.C.App. 517, 521, 263 S.E.2d 305, 308 (1980) ..………..….……..…… 23

9.  *Horace v City of Pontiac*,
    456 Mich 744, 749, 575 NW2d 762 (1998) ..……….………………..……… 23

10. *Ladd v. Marchbanks*,
    971 F.3d 574, 577 (6th Cir. 2020) …………………………...…….…...… 9

11. *Lambert v. Hartman*,
    517 F.3d 433, 439 (6th Cir. 2008) ……….………......……..........…… 10

12. *Lingle v. Chevron U.S.A. Inc.*,
    544 U.S. 528, 539 (2005) ..……………………………….…..……..……… 18

13. *Mack v City of Detroit*,
467 Mich 186, 203, 649 NW2d 47 (2002) ...……………….…………… 24

14. *Nawrocki v Macomb Cty Rd Comm'n*,
463 Mich 143, 156, 615 NW2d 702 (2000) ……………………….…… 24

15. *Pawlak v Redox Corp*,
182 Mich App 758, 453 NW2d 304 (1990) ………………………...…… 23

16. *People v. Dipiazza*,
778 N.W.2d 264, 286 Mich.App. 137 (2009) ……..………….………… 17

17. *Phillips v. Washington Legal Found.*,
524 U.S. 156, 164 (1998) ……………………………..………….... 18

18. *Prewitt v. City of Rochester Hills*,
105 F. Supp. 2d 724 (E.D. Mich. 2000) ……………..………………… 13

19. *Puckett v. Lexington-Fayette Urban Cty. Gov't*,
833 F.3d 590, 609 (6th Cir. 2016) ………..……......…...……….…..... 17

20. *Tennessee Scrap Recyclers Ass'n v. Bredesen*,
556 F.3d 442, 455 (6th Cir. 2009) …………….……………….……… 19

21. *Yono v Department of Transp*,
499 Mich 636, 646, 885 NW2d 445 (2016) …………………......……. 24

22. *United States v. Ward*,
448 U.S. 242 (1980) ……………………………………..……...… 16

**Regulations and Rules**

23. Federal Rule of Civil Procedure 12(b)(1) ………………….……….… 8

24. Federal Rule of Civil Procedure 12(b)(6) ……......…………………….… 8

25. The Governmental Tort Liability Act ("GTLA") MCL 691.1401 *et seq*…… 23

**Nonperiodic Materials**

26.   *Coercion*, <u>Black's Law Dictionary</u> (2nd ed.) ………………….…………… 21

## <u>DEFENDANT'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS</u>

The Court should grant the City's Motion to Dismiss the Plaintiffs' Amended Complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs allege that their rights under the Eighth and Fourteenth Amendment have been systematically violated. (Pls.' Am. Compl. ¶ 1), have been deprived of their constitutional rights at the hands of BSEED… and "have become subject to unreasonable fines and seizure of their forever home." (Pls.' Am. Compl. ¶ 7.)

The issuance of the correction orders, registration of the property as vacant, and the issuance of tickets by the City of Detroit Building Safety Environmental Engineering Department, (hereinafter referred to as "BSEED") are not regulatory takings or a "seizure." Furthermore, the tickets and/or fines issued by BSEED were not excessive and not "punishment" in violation of the Eighth Amendment of the United States Constitution or Article I, Section Sixteen of the State of Michigan Constitution, nor were they issued in bad faith. Plaintiffs were provided notice of the tickets and correction orders and afforded the opportunity to appear before a Hearing Officer with the Department of Administrative Hearings, thus there was no violation of Due Process. **(Exhibit A, DAH Tickets, Orders).** Plaintiffs' claims were adjudicated before the Department of Administrative Hearings. Plaintiffs have failed to state a claim for which relief can be granted and all counts alleged against the City of Detroit must be dismissed.

8

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may challenge a court's jurisdiction over the subject matter of a claim at any time. When the defendant files a motion pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction. *Ladd v. Marchbanks*, 971 F.3d 574, 577 (6th Cir. 2020), *cert. denied*, 141 S. Ct. 1390 (2021) (quoting *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1045 (6th Cir. 2015)). The City's Rule 12(b)(1) motion attacks the factual existence of subject matter jurisdiction. *See Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (explaining a Rule 12(b)(1) motion can mount a facial attack or factual attack)). "In the case of a factual attack, a court has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case." *Id.* at 759-760.

A complaint is subject to dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to withstand such a motion to dismiss, a complaint must comply with the Federal Rule of Civil Procedure 8(a)(2) pleading requirements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief, in order

to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, internal citations omitted).   To satisfy this standard, a plaintiff's complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678–80.  When evaluating a Rule 12(b)(6) motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff, accepting all of their factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008).  But a court need not accept mere conclusory statements or legal conclusions couched as factual allegations. *See Iqbal*, 556 U.S. at 678.

## **STATEMENT OF FACTS**

On March 28, 2023, Plaintiffs filed their complaint in this matter. ("ECF No. 1"). Plaintiffs, after being informed of a discrepancy with a named Defendant, filed their Amended Complaint. This action stems from the following. In April 2018, the Subject Property located at 505 E. Boston owned by Plaintiffs caught fire. By Plaintiffs' own admission, they moved from their extensively damaged property to the Hotel St. Regis and eventually rented a townhouse on Brush Street, leaving the Subject Property vacant and uninhabited.

Nearly four years later, on January 18, 2022, the City issued its first Correction Order to Plaintiffs requesting they register the Subject Property as vacant, pursuant

to the Detroit City Code. In addition to registering the property as vacant, the Correction Order required the Plaintiffs to remediate several issues that violated the Detroit City Code, which included securing and replacing the roof. The correction order allotted two months for the Plaintiffs to complete the necessary corrections. Plaintiffs failed to correct any of the outstanding violations after registering the property as vacant. **(Exhibit B, January 2022 Correction Order)**

City of Detroit issued the second correction order to Plaintiffs on April 18, 2022, requiring the Plaintiffs to list an emergency contact for the structure, secure the structure from the elements, and replace the roof. Plaintiffs were afforded a month to comply with the correction order, however, Plaintiffs failed to comply. **(Exhibit C, April 18, 2022, Correction Order).**

As photographs from aerial drone footage taken in 2023 show, the subject property is open to the elements, is not secured, and is sitting vacant; confirming the violations of the Detroit City Code noted in the 2023 Correction Order. **(Exhibit D, Photographs)**.

In addition to the issuance of the Correction Orders, the City issued blight tickets to the Plaintiffs. The first was issued on May 24, 2022, when it was determined that Plaintiffs were not responsible for the blight tickets after appearing before the Department of Administrative Hearings. Plaintiffs were later issued three tickets on August 30, 2022 for the following violations: excessive weeds or plant growth at a

one- or two family dwelling or commercial building in violation of Detroit City Code §8-15-104; inoperable motor vehicle(s) at a one- or two family dwelling or commercial building, in violation §8-15-110(a); and allowing bulk solid waste to lie or accumulate on or about the premises in violation of §42-2-97(b). Default Judgments were issued against Plaintiffs for their failure to appear and contest the violations and fines. As a result of the Default Judgment, Plaintiffs were found responsible and ordered to pay the fines associated with the tickets in the amount of five hundred five dollars ($505.00) on November 1, 2022. Without contesting the default or the fines or appealing to the Wayne County Circuit Court, Plaintiff paid these fines on November 3, 2022. Plaintiffs have not received any additional tickets or fines from BSEED since August 2022. **(See Exhibit A, DAH Tickets and Notices)**.

Despite failing to exhaust its appellate options in the State Court, and thereby concluding the issues once the fines were paid, Plaintiffs now allege that BSEED failed to provide Plaintiffs with due process, issued tickets for violations of Detroit City Code in bad faith, and imposed excessive fines. Plaintiffs failed to state with any specificity how the City violated their constitutional rights by issuing five (5) blight tickets totaling five hundred five dollars ($505.00) in fines in the five years since the subject property was severely damaged by fire and remained in violation of the Detroit City Code. Plaintiffs did not challenge the fines and in fact paid them, thereby

12

adjudicating the matter. Further, Plaintiffs have failed to state a claim throughout its Amended Complaint which would justify any relief.

## LAW AND ARGUMENT

### I.     Plaintiffs Were Afforded Due Process for The BSEED Tickets, And The Fines Associated With Said Tickets Are Final And Binding.

This Court lacks jurisdiction to entertain Plaintiffs' amended complaint.  "A federal district court lacks jurisdiction to review matters which have been litigated in state court." *Prewitt v. City of Rochester Hills*, 105 F. Supp. 2d 724, 730 (E.D. Mich. 2000), *vacated in part*, 54 F. App'x 817 (6th Cir. 2002).

The tickets issued to Plaintiffs provided a date and time they were to appear before the Department of Administrative Hearings. Plaintiffs failed to appear and as a result, Default Judgments were issued against them in the amount of five hundred five dollars ($505.00). Without appealing the judgments or seeking other remedies, Plaintiff paid the fines three days after receiving the notification of default. (See Exhibit E) The matter was adjudicated in the State Court, and Plaintiffs were afforded all of the due process that the law requires. This Honorable Court does not have jurisdiction over a matter that has been adjudicated.

This situation is analogous to the matter in *Prewitt v. City of Rochester Hills*. There, the plaintiffs attempted to appeal an administrative decision in Circuit Court, but the appeal was dismissed for failure to correct procedural errors.  105 F. Supp. 2d at 729.   Prewitt never corrected those errors, "the decision of the State Historic

Preservation Review Board went unchallenged; and once the appeal period expired, its findings and conclusions became res judicata as to any subsequent claims plaintiffs might seek to raise which arise from this transaction." *Id.* at 730 ("the administrative decision is final and binding as to all of the claims that were or could have been raised, and also as to all of the factual issues that were raised and were necessary to the decision").

On appeal in *Prewitt*, the Sixth Circuit explained that the "district court granted the city's motion for summary judgment, agreeing with the state courts that the claims were barred by issue and claim preclusion, and concluding that it lacked jurisdiction to entertain an appeal from the state court proceedings." *Prewitt v. City of Rochester Hills*, 54 F. App'x 817, 818 (6th Cir. 2002).  The only aspect of the district court's decision that was vacated was the district court's denial of the City defendant's motion for Rule 11 sanctions against plaintiff. *Id.* at 819.

In the *Prewitt* opinion, the court further asserted "the inferior federal courts lack the authority to perform, in effect, an appellate review of state court decisions." *Prewitt*, 105 F. Supp. 2d at 730 (citing *Community Treatment Ctrs. v. City of Westland*, 970 F. Supp. 1197, 1212 (E.D. Mich. 1997); quotation marks omitted).  In this case, Plaintiffs' claims were adjudicated by the Department of Administrative Hearings. Plaintiffs paid the fines issued by the Hearing Officer and failed to seek an appeal of the judgments or attempt to have the judgments set aside. Plaintiffs' claims

14

were decided and thus cannot be relitigated before this court.

## II.     Plaintiffs Do Not Allege Facts to Show That The BSEED Imposed Excessive Fines.

Assuming arguendo that this Court has jurisdiction to hear this matter, Plaintiffs' claims still fail. Plaintiffs allege that the fines imposed by BSEED for Plaintiffs' failure comply with the Detroit City Code are excessive n violation of the United States Constitution Eighth Amendment and Article I, Section Sixteen of the Michigan Constitution. Plaintiffs have failed to plead with any specificity how these fines are excessive in nature or a punishment. Therefore, this count must be denied.

The Eighth Amendment of the United States Constitution is referred to as the Excessive Fine Clause. It limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.' *Austin v. United States*, 509 U.S. 602, 609–10 (1993) (quoting *Browning-Ferris Indus. of Vermont, Inc. v. Kelco Disposal, Inc.,* 492 U.S. 257, 265 (1989)) (emphasis original). "The notion of punishment, as we commonly understand it, cuts across the division between the civil and the criminal law." Id. at 610 (quoting *United States v. Halper*, 490 U.S. 435, 448 (1989), abrogated by *Hudson v. United States*, 522 U.S. 93 (1997)). Thus, when analyzing government action under the Excessive Fines Clause, the issue is not whether it is "civil or criminal, but rather whether it is punishment." Id. "A punitive fine violates the Eighth Amendment's 'Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense.' " *United States v. Blackwell*,

15

459 F.3d 739, 771 (6th Cir. 2006) (quoting *United States v. Bajakajian*, 524 U.S. 321, 334 (1998)).

The fines imposed by BSEED are not disproportionate in nature. The Plaintiffs were fined five hundred five dollars ($505.00) over a period of several years for failing to comply with the Detroit City Code. The fines associated with violations of the Detroit City Code are remedial and are the cost of enforcing the law and not retributive or with the intent to punish. As the United States Supreme Court stated in *United States v. Ward,* 448 US 242, 254; 100 S.CT. 2636; 65 L.ED.2d 743 (1980), if a "demand is related to damages sustained by society or to the cost of enforcing the law," and thus wholly remedial, it is not subject to the limitations of the Excessive Fines Clause.  The fines issued by BSEED are related to the costs associated with enforcing the Detroit City Code and are not subject to the Excessive Fines Clause of the United States Constitution. Plaintiffs' Claim must be dismissed.

Additionally, the fines imposed by BSEED do not fall within the purview of Article I, Section Sixteen of the Michigan Constitution, which states:

> Excessive bail shall not be required; excessive fines shall not be imposed; cruel or unusual punishment shall not be inflicted; nor shall witnesses be unreasonably detained. M.C.L.A. Const. Art. 1, Sect 16.

The fines imposed by BSEED are not excessive or cruel or unusual punishment. Before Michigan courts are obligated to evaluate whether a punishment is cruel or

unusual under state constitution, it must first determine whether the challenged governmental action is a form of punishment.   *In re TD* (2011) 823 N.W.2d 101, 292 Mich.App. 678, vacated 821 N.W.2d 569, 493 Mich. 873. "Punishment," for purposes of state constitutional prohibition against cruel and unusual punishment, is the deliberate imposition, by some agency of the state, of some measure intended to chastise, deter, or discipline an offender.   *People v. Dipiazza* (2009) 778 N.W.2d 264, 286 Mich.App. 137. The fines associated with the tickets issued by BSEED were not intended to chastise, deter, or discipline the Plaintiffs. They were issued as an enforcement measure for non-criminal violations of the City Code. Plaintiffs failed to state with any specificity how the fines issued by BSEED were excessive or a form of punishment to fall within the purview of either the state or federal constitution. Therefore, Plaintiffs' claims must be dismissed.

### III.   Plaintiffs Do Not Allege Facts Showing Their 5th Amendment Rights Were Violated.

Plaintiffs' claim that BSEED has violated its Fifth Amendment rights is also completely without merit. The Takings Clause of the Fifth Amendment prohibits taking 'private property...for public use, without just compensation.'" *Puckett v. Lexington-Fayette Urban Cty. Gov't,* 833 F.3d 590, 609 (6th Cir. 2016) (quoting U.S. Const. amend. V).  In this matter, there has been no taking of the Plaintiffs' property, for public use or otherwise. As Plaintiffs have admitted in their Amended Complaint, they own the Subject Property free and clear. BSEED required the Plaintiffs to

17

register their uninhabitable fire-ravaged home as vacant pursuant to the Detroit City Code. BSEED did not seek title to the property or file any legal action to take the Plaintiff's property.

The Sixth Circuit recognizes a two-part test for takings claims. "First, the court must examine whether the claimant has established a cognizable property interest for the purposes of the Just Compensation Clause." Id. (internal quotation marks omitted). "Second, where a cognizable property interest is implicated, the court must consider whether a taking occurred." *Phillips v. Washington Legal Found*., 524 U.S. 156, 164 (1998) (internal quotation marks omitted). *Fox v. Cnty. of Saginaw*, No. 19-CV-11887, 2021 WL 120855, at *11 (E.D. Mich. Jan. 13, 2021), aff'd sub nom. *Fox v. Saginaw Cnty.,* Michigan by Bd. of Commissioners, No. 21-1108, 2022 WL 523023 (6th Cir. Feb. 22, 2022).

Further, the court seeks "to identify regulatory actions that are functionally equivalent to the classic taking in which government directly appropriates private property or ousts the owner from his domain." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 539 (2005).  Regulation is not a taking simply because it decreases the value of the property.  Two tests are used to evaluate whether a regulatory taking has occurred:

> Where a governmental action deprives property owners of "all economically beneficial uses" of their property, it is a categorical

> regulatory taking under *Lucas v. South Carolina Coastal Council*, 505
> U.S. 1003, 1019 (1992). In all other cases—that is, where the property
> is not rendered valueless—the Court uses the balancing test of *Penn*
> *Central Transp Co. v. City of New York*, 438 U.S. 104 (1978).

*Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 455 (6th Cir. 2009)
(citing *Tahoe–Sierra Pres. Council v. Tahoe Reg'l Planning Agency*, 535 U.S. 302,
330 (2002)); *see also Andrews, Tr. of Gloria M. Andrews Tr. Dated Apr. 23, 1998 v.*
*City of Mentor, Ohio*, 11 F.4th 462, 471 (6th Cir. 2021) (explaining "total regulatory
taking" approach under *Lucas* as compared to the multi-factor *Penn Central*
standard).

In this matter, Plaintiffs have failed to show that a taking has occurred, have
failed to show that Detroit City Code regulations imposed by BSEED have
functionally caused the appropriation of Plaintiffs' property, and have failed to show
that Defendants have ousted Plaintiffs from their property or that their property has
been rendered valueless by governmental action. As such, these counts must be
dismissed.

## IV.   Plaintiffs Failed To State A Claim As To The Seventeenth Amendment Of The United States Constitution.

Plaintiffs allege that BSEED "policies and procedures coupled with their
express acts related the Property violated the Plaintiffs' Seventeenth Amendment
rights…" (Pls.' Compl. ¶ 99.) The Seventeenth Amendment of the U.S. Constitution

allows voters to cast direct votes for U.S. senators. Prior to its passage, senators were chosen by state legislatures. The instant case has absolutely nothing to do with any matter that would implicate the Seventeenth Amendment, nor have Plaintiffs deigned to explain how the Seventeenth Amendment is relevant to the issues before this Honorable Court. This count must be dismissed.

### V.    Defendant Did Not Act in Bad Faith When It Instructed Plaintiffs To Adhere To The Detroit City Code.

Plaintiffs allege that Defendants "engaged in bad faith in its dealings with Plaintiff." Proving bad faith is a very high bar to overcome, and Plaintiffs have made no effort to overcome it. In 2002, the Federal Circuit stated that "for almost 50 years this court and its predecessor have repeated that we are 'loath to find to the contrary [of good faith] and it takes and should take, well-nigh irrefragable proof to induce us to do so.'" *Am-Pro Protective Agency Inc. v. United States*, 281 F.3d 1234, 1239 (Fed. Cir. 2002). Thus, a Plaintiff asserting bad faith must offer clear and convincing evidence that the government did not act in good faith in order to prevail on this issue. *Id.*, 281 F.3d at 1239-40. Plaintiffs failed to state with any specificity any actions by BSEED that were done in bad faith.

In the cases where the court has considered allegations of bad faith, the necessary "irrefragable proof" has been equated with evidence of some specific intent to injure the plaintiff. In *Gadsden v. United States*, 111 Ct. Cl. 489, 492, 1221 F.Supp. 126 (1948), the court compared bad faith to actions that are "motivated by malice."

*See also*, *Galen Medical Assocs., Inc. v. United States,* 369 F.3d at 1330 (" 'In the cases where the court has considered allegations of bad faith, the necessary "irrefragable proof" has been equated with evidence of some specific intent to injure the plaintiff.' " (quoting *Torncello v. United States*, 231 Ct. Cl. at 45, 681 F.2d at 770) ).

Plaintiffs have failed to show that Defendant's actions were motivated by malice with the specific intent to injure the Plaintiffs. Defendant engaged in the good faith performance of its administrative duties in the enforcement of Detroit City Code. The tickets were not excessive in nature and were not issued in a harassing manner. The tickets and the correction orders were issued in a manner consistent with the duties of the inspectors from the City of Detroit. The request that the Subject Property be registered as vacant was done in to seek Plaintiffs' compliance with the Detroit City Code. Plaintiffs have failed to show in their complaint that any acts were done in bad faith. As such, this count must be dismissed.

## VI.   Defendants Did Not Engage In Unlawful Coercion In Their Dealings With Plaintiffs.

Plaintiffs assert a count entitled "Legal Coercion" against the City of Detroit. Plaintiffs have failed to establish in their complaint that "Legal Coercion" is a cognizable cause of action and have failed to establish the elements of this novel cause of action. Plaintiffs even failed to plead "Legal Coercion" with any specificity

that would warrant relief against the City of Detroit.

Black's Law defines coercion as:

> Compulsion; force; duress. It may be either actual, (direct or positive.) where physical force Is put upon a man to compel him to do an act against his will, or implied, (legal or constructive.) where the relation of the parties is such that one is under subjection to the other, and is thereby constrained to do what his free will would refuse. *State v. Darlington*, 153 Ind. 1, 53 N. E. 025

Plaintiffs did not assert any facts in their complaint that would show Defendant coerced Plaintiffs into any sort of action. Defendant issued tickets to attempt to gain compliance with Detroit City Code. The City has a right to ensure the properties within its jurisdiction comply with the Detroit City Code through the issuance of tickets, correction orders, and fines. Ultimately, it is Plaintiffs' choice whether to comply.

In the event that Plaintiffs meant to allege in Count IV that the City of Detroit coerced Plaintiffs, Plaintiffs' have failed to state how the City of Detroit acted in an illegal manner to show duress and coercion. A wrongful or illegal act is a crucial component of duress. *In re Outer Banks Ventures, Inc.*, 556 B.R. 199, 205 Bankr. Ct. Dec. (CRR) 268 (Bankr. E.D.N.C 2016). "Illegality is the foundation on which a claim of coercion or duress must exist," *Bell Bakeries, Inc. v. Jefferson Standard Life Ins. Co.*, 245 N.C. 408, 419, 96 S.E.2d 408, 416 (1957). In the absence of illegality, a wrongful act constitutes duress if the intent is to coerce a transaction grossly unfair

and unrelated to the subject matter of the proceedings. *Helena Chemical Co. v. Rivenbark*, 45 N.C.App. 517, 521, 263 S.E.2d 305, 308 (1980). However, a threat to do what one has the legal right to do cannot constitute duress. *Bell Bakeries*, 245 N.C. at 419, 96 S.E.2d at 416. The City has a legal right to have owners bring their property into compliance with the Detroit City Code through ticketing, fines, and the issuance of Correction Orders.

Plaintiffs were not coerced by the City in any manner. Thus, Plaintiffs' count for "Legal Coercion" must be dismissed.

## VII.   Defendant Is A Governmental Agency And Is Thus Immune From Tort Liability.

The Governmental Tort Liability Act ("GTLA") codifies immunity for governmental agencies and individuals. MCL 691.1401 *et seq*. Pursuant to MCL 691.1407(1), a governmental agency is immune from tort liability when engaged in the exercise or discharge of a governmental function. A "governmental agency" includes a political subdivision, such as a municipal corporation.

The act defines a "governmental function" as "an activity that is expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law" *Id.* The term "governmental function" is broadly applied. *Horace v City of Pontiac*, 456 Mich 744, 749, 575 NW2d 762 (1998); *Pawlak v Redox Corp*, 182 Mich App 758, 453 NW2d 304 (1990). There need only be "*some* … legal basis" for the activity in which the governmental

23

agency is engaged for it to be deemed a "governmental function." *Pawlak,* 182 Mich App at 764; *see also Hyde v University of Michigan Bd of Regents*, 426 Mich 223, 253, 393 NW2d 847 (1986).

Immunity "is expressed in the broadest possible language," *Nawrocki v Macomb Cty Rd Comm'n*, 463 Mich 143, 156, 615 NW2d 702 (2000), while exceptions are to be narrowly construed, *Yono v Department of Transp*, 499 Mich 636, 646, 885 NW2d 445 (2016).

A governmental agency's immunity is not an affirmative defense but a characteristic of government requiring a plaintiff to plead in avoidance of immunity. *Mack v City of Detroit*, 467 Mich 186, 203, 649 NW2d 47 (2002).

Plaintiffs have not plead in avoidance of immunity and have not plead any facts or claims showing that Defendant City's actions fall within one of the very specific exceptions to governmental immunity contemplated by the GTLA. Thus, Plaintiff's counts for coercion and bad faith must be dismissed.

## **CONCLUSION**

This Court does not have jurisdiction to hear Plaintiffs' claims as they have previously been adjudicated in the Department of Administrative Hearings. If this Court decides that it possesses jurisdiction, Plaintiff has failed to state any claims against the City of Detroit for which relief can be granted. The issuance of the correction orders, registration of the property as vacant, or the issuance of tickets by

BSEED is not a regulatory taking, or a "seizure." Furthermore, the tickets issued by BSEED were not excessive and not a "punishment" in violation of the Eighth Amendment of the United States Constitution or Article I, Section Sixteen of the State of Michigan Constitution, nor were they issued in bad faith. BSEED did not issue any fines or tickets for nearly four years after the fire destroyed the subject property. The tickets and fines were legal actions and not coercion; they were issued to get the Plaintiffs to comply with the Detroit City Code. Plaintiffs' claims have been adjudicated and they have failed to state a clam for which relief can be granted. All counts alleged against Defendant City of Detroit must be dismissed.

Respectfully Submitted,

Dated: September 12, 2023

/s/ *Abigail McIntyre*

Abigail McIntyre (P71143)
City of Detroit Law Department
Attorneys for City of Detroit
2 Woodward Avenue, Ste. 500
Detroit, MI. 48226
(313) 237-6387
Fax: (313) 237-3057
abigail.mcintyre@detroitmi.gov

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

---

SHIRLEY JOYNER and
JAMES JOYNER,

              Plaintiffs,

v.

                                Case No. 23-CV-10715
                                Hon. Linda V. Parker

CITY OF DETROIT, a municipal
Corporation, THE DETROIT LAND BANK,
AUTHORITY, a Public- benefit corporation,
SUPREME TEAM DISASTER UNIT, LLC,
A Michigan limited liability corporation, and
CHARLES HENDON,

              Defendants.

---

| | |
|---|---|
| Megan Dakhallah (P84205) | Abigail McIntyre (P71143) |
| Dakhallah Law P.L.L.C. | City of Detroit Law Department |
| Attorney for Plaintiff | Attorneys for City of Detroit |
| 6200 Schaefer Rd. Ste. 202 | 2 Woodward Avenue, Ste. 500 |
| Dearborn, MI 48126 | Detroit, MI. 48226 |
| (248) 800-9045 | (313) 237-6387 |
| Fax: (313) 943-3358 | Fax: (313) 237-3057 |
| dakhallahlaw@gmail.com | abigail.mcintyre@detroitmi.gov |

Nathan J. Fink (P75185)
Fink Bressack PLLC
Attorney for Detroit Land Bank
Authority
38500 Woodward Avenue, Suite 350
Bloomfield Hills, MI 48304
(248) 971-2500
Fax: (248) 971-2800
nfink@finkbressack.com

---

## <u>INDEX OF ATTACHED EXHIBITS SUPPORTING COMPLAINT</u>

1. **EXHIBIT A: DAH TICKETS AND NOTICES TO DEFENDANT**

2. **EXHIBIT B: CORRECTION ORDER JANUARY 2022**

3. **EXHIBIT C: CORRECTION ORDER JANUARY 2022**

4. **EXHIBIT D: PHOTOS OF SUBJECT PROPERTY**

# EXHIBIT A

**No.** **17012485DAH**

## City of Detroit Blight Violation Notice

☐ Property Maintenance Code ☐ Zoning Ordinance ☒ Solid Waste and Illegal Dumping Ordinance

Undersigned says on: **04/27/2017 at 10:40:00 AM**

Name (First, Middle, Last)
**JAMES & SHIRLEY JOYNER**
Street Address
**505 E. BOSTON BLVD , DETROIT, MI 48202-1322**
Vehicle Description (Year, Make, Color, Type)          Vehicle Plate No.

The person named above is in violation of § **22-2-88(b)**

of Chapter **22** at **505 BOSTON BLVD**

Detroit, Michigan **48202** as follows:

> **Allowing bulk solid waste to lie or accumulate on or about the premises**

1. The fine for this violation is $ **500.00** ☐ repeat offender
2. The fee for this violation is **$30.**
3. The Hearing Date/Time: **Wednesday, July 5, 2017 at 1:30PM**
4. Hearing Location: **VIRTUAL COURT ROOM**

**Attend VIRTUAL Hearing:** Hearings are virtual only via Zoom. Attend by one of these methods:

**Desktop PCs & Laptops:** Go to **https://zoom.us.** Click on "Join a Call" and enter hearing with Meeting ID: _____

**Tablets and Phones:** Install the Zoom App prior to call. At time of call, launch the Zoom App and enter hearing with Meeting ID: _____

**Phone Call Only:** Call: _____ and enter hearing with Meeting ID: _____

**Pay or Appear:** If you wish to admit responsibility and pay your fine and fees, you may pay by mail, phone or online as indicated below, on or before the above hearing date. To admit responsibility with explanation or deny responsibility, you must attend the virtual hearing on the date/time above. **Pay Blight Ticket:** There is a mandated $10.00 State justice assessment and a $20.00 City administrative fee for the processing and adjudication of this Blight Violation Notice. A fine paid before the hearing date shall be reduced by 10%. A fine paid after the hearing date shall be increased by 10%. **Payment Methods: Online:** 24 hours a day: **www.detroitmi.gov/dahonline.** DivDat Kiosks: Locations City-wide at: **www.divdat.com/location/.** **By Phone:** pay with credit card at **313-224-0098.** By Mail: personal check, certified check or money order payable to Treasurer, City of Detroit, mailed to:

**Department of Appeals & Hearings**
Coleman A. Young Municipal Center, 2 Woodward Ave, Suite 1004, Detroit, MI 48226

Phone: **313-224-0098** Business Hours: Monday-Friday 8:30 am – 4:30 pm

City of Detroit will provide language translation and hearing impaired signage. Email crio@detroitmi.gov for these services.

**WARNING: You are alleged to be responsible for a blight violation. Your failure to appear, or to admit responsibility, or to pay the scheduled civil fine and fees within the time to appear may result in the entry of a decision and order of default against you for the fine and fees for the violation and for necessary costs to abate the violation.**

A copy of this violation notice was served upon the alleged violator by:
☒ Posting and first class mail
I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief.

Authorized local official (printed) **Billy Jones**

Authorized local official (signature)          ID No. **1463**

Corporation Counsel approval for issuance of third party complaint

By: _____          Date: _____

**No.** **22055368DAH**

## City of Detroit Blight Violation Notice

[X] Property Maintenance Code    [ ] Zoning Ordinance    [ ] Solid Waste and Illegal Dumping Ordinance

Undersigned says on: **05/24/2022 at 14:50:00 PM**

Name (First, Middle, Last)
**James & Shirley Joyner**
Street Address
**505 E Boston BLVD , Detroit, MI 48202**
Vehicle Description (Year, Make, Color, Type)      Vehicle Plate No.

The person named above is in violation of § **8-15-35(a)(2)**

of Chapter **8** at **505 BOSTON BLVD**

Detroit, Michigan **48202** as follows:

**Failure of owner to obtain certificate of compliance – residential rental**

1. The fine for this violation is $ **250.00**    [ ] repeat offender
2. The fee for this violation is **$30.**
3. The Hearing Date/Time: **Monday, June 13, 2022 at 1:30PM**
4. Hearing Location: **VIRTUAL COURT ROOM**

**Attend VIRTUAL Hearing:** Hearings are virtual only via Zoom. Attend by one of these methods:
**Desktop PCs & Laptops:** Go to **https://zoom.us**. Click on "Join a Call" and enter hearing with Meeting ID: **895 6924 9569**
**Tablets and Phones:** Install the Zoom App prior to call. At time of call, launch the Zoom App and enter hearing with Meeting ID: **895 6924 9569**
**Phone Call Only:** Call: **312-626-6799** and enter hearing with Meeting ID: **895 6924 9569**

**Pay or Appear:** If you wish to admit responsibility and pay your fine and fees, you may pay by mail, phone or online as indicated below, on or before the above hearing date. To admit responsibility with explanation or deny responsibility, you must attend the virtual hearing on the date/time above. **Pay Blight Ticket:** There is a mandated $10.00 State justice assessment and a $20.00 City administrative fee for the processing and adjudication of this Blight Violation Notice. A fine paid before the hearing date shall be reduced by 10%. A fine paid after the hearing date shall be increased by 10%. **Payment Methods:** Online: 24 hours a day: **www.detroitmi.gov/dahonline. DivDat Kiosks:** Locations City-wide at: **www.divdat.com/location/**. **By Phone:** pay with credit card at 313-224-0098. By Mail: personal check, certified check or money order payable to Treasurer, City of Detroit, mailed to:

**Department of Appeals & Hearings**
Coleman A. Young Municipal Center, 2 Woodward Ave, Suite 1004, Detroit, MI 48226

Phone: **313-224-0098** Business Hours: Monday-Friday 8:30 am – 4:30 pm

City of Detroit will provide language translation and hearing impaired signage. Email crio@detroitmi.gov for these services.

**WARNING: You are alleged to be responsible for a blight violation. Your failure to appear, or to admit responsibility, or to pay the scheduled civil fine and fees within the time to appear may result in the entry of a decision and order of default against you for the fine and fees for the violation and for necessary costs to abate the violation.**

A copy of this violation notice was served upon the alleged violator by:
[X] Posting and first class mail
I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief.

Authorized local official (printed) **Steven Austin**

Authorized local official (signature)    ID No. **9021**
**/s/ Steven Austin**            *05/24/2022*
Corporation Counsel approval for issuance of third party complaint

By: _____ Date: _____

**No.**  **22092581DAH**

## City of Detroit Blight Violation Notice

☒ Property Maintenance Code  ☐ Zoning Ordinance  ☐ Solid Waste and Illegal Dumping Ordinance

Undersigned says on: **07/14/2022 at 08:40:00 AM**

Name (First, Middle, Last)
**JAMES & SHIRLEY  JOYNER**

Street Address
**505  E. BOSTON BLVD. , DETROIT , MI 48202**

Vehicle Description (Year, Make, Color, Type)                    Vehicle Plate No.

The person named above is in violation of § **8-15-104**

of Chapter **8** at **505 BOSTON BLVD**

Detroit, Michigan **48202** as follows:

> **Excessive weeds or plant growth one- or two-family dwelling or commercial Building**

1. The fine for this violation is $ **50.00**  ☐ repeat offender
2. The fee for this violation is $30.
3. The Hearing Date/Time: **Tuesday, November 1, 2022 at 10:30AM**
4. Hearing Location: VIRTUAL COURT ROOM

**Attend VIRTUAL Hearing:**  Hearings are virtual only via Zoom. Attend by one of these methods:

**Desktop PCs & Laptops:** Go to **https://zoom.us**. Click on "Join a Call" and enter hearing with Meeting ID: **990 6345 5159**

**Tablets and Phones:** Install the Zoom App prior to call. At time of call, launch the Zoom App and enter hearing with Meeting ID: **990 6345 5159**

**Phone Call Only:** Call: **312-626-6799** and enter hearing with Meeting ID: **990 6345 5159**

**Pay or Appear:** If you wish to admit responsibility and pay your fine and fees, you may pay by mail, phone or online as indicated below, on or before the above hearing date. To admit responsibility with explanation or deny responsibility, you must attend the virtual hearing on the date/time above. **Pay Blight Ticket:** There is a mandated $10.00 State justice assessment and a $20.00 City administrative fee for the processing and adjudication of this Blight Violation Notice. A fine paid before the hearing date shall be reduced by 10%. A fine paid after the hearing date shall be increased by 10%. **Payment Methods: Online:** 24 hours a day: **www.detroitmi.gov/dahonline**. **DivDat Kiosks:** Locations City-wide at: **www.divdat.com/location/**. **By Phone:** pay with credit card at **313-224-0098**. By Mail: personal check, certified check or money order payable to Treasurer, City of Detroit, mailed to:

**Department of Appeals & Hearings**
Coleman A. Young Municipal Center, 2 Woodward Ave, Suite 1004, Detroit, MI 48226

Phone: **313-224-0098**  Business Hours: Monday-Friday 8:30 am – 4:30 pm

City of Detroit will provide language translation and hearing impaired signage. Email crio@detroitmi.gov for these services.

**WARNING: You are alleged to be responsible for a blight violation. Your failure to appear, or to admit responsibility, or to pay the scheduled civil fine and fees within the time to appear may result in the entry of a decision and order of default against you for the fine and fees for the violation and for necessary costs to abate the violation.**

A copy of this violation notice was served upon the alleged violator by:
☒ Posting and first class mail
I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief.

Authorized local official (printed) **Michael  Jones-Razor**

Authorized local official (signature)       ID No. **2222**
*/s/ Michael  Jones-Razor*                                                *08/30/2022*
Corporation Counsel approval for issuance of third party complaint

By: _____  Date: _____

**No.** **22092582DAH**

## City of Detroit Blight Violation Notice

☒ Property Maintenance Code    ☐ Zoning Ordinance    ☐ Solid Waste and Illegal Dumping Ordinance

Undersigned says on: **07/14/2022 at 08:40:00 AM**

Name (First, Middle, Last)
**JAMES & SHIRLEY  JOYNER**
Street Address
**505 E. BOSTON BLVD., DETROIT, MI 48202**
Vehicle Description (Year, Make, Color, Type)                    Vehicle Plate No.

The person named above is in violation of § **8-15-110(a)**

of Chapter **8** at **505 BOSTON BLVD**

Detroit, Michigan **48202** as follows:

**Inoperable motor vehicle(s) one- or two-family dwelling or commercial building**

1. The fine for this violation is $ **100.00**          ☐ repeat offender
2. The fee for this violation is $30.
3. The Hearing Date/Time: **Tuesday, November 1, 2022 at 10:30AM**
4. Hearing Location: **VIRTUAL COURT ROOM**

**Attend VIRTUAL Hearing:** Hearings are virtual only via Zoom. Attend by one of these methods:

**Desktop PCs & Laptops:** Go to **https://zoom.us**. Click on "Join a Call" and enter hearing with Meeting ID: **990 6345 5159**
**Tablets and Phones:** Install the Zoom App prior to call. At time of call, launch the Zoom App and enter hearing with Meeting ID: **990 6345 5159**
**Phone Call Only:** Call: **312-626-6799** and enter hearing with Meeting ID: **990 6345 5159**

**Pay or Appear:** If you wish to admit responsibility and pay your fine and fees, you may pay by mail, phone or online as indicated below, on or before the above hearing date. To admit responsibility with explanation or deny responsibility, you must attend the virtual hearing on the date/time above. **Pay Blight Ticket:** There is a mandated $10.00 State justice assessment and a $20.00 City administrative fee for the processing and adjudication of this Blight Violation Notice. A fine paid before the hearing date shall be reduced by 10%. A fine paid after the hearing date shall be increased by 10%. **Payment Methods: Online:** 24 hours a day: **www.detroitmi.gov/dahonline. DivDat Kiosks:** Locations City-wide at: **www.divdat.com/location/. By Phone:** pay with credit card at **313-224-0098.** By Mail: personal check, certified check or money order payable to Treasurer, City of Detroit, mailed to:

**Department of Appeals & Hearings**
Coleman A. Young Municipal Center, 2 Woodward Ave, Suite 1004, Detroit, MI 48226

Phone: **313-224-0098** Business Hours: Monday-Friday 8:30 am – 4:30 pm

City of Detroit will provide language translation and hearing impaired signage. Email crio@detroitmi.gov for these services.

**WARNING: You are alleged to be responsible for a blight violation. Your failure to appear, or to admit responsibility, or to pay the scheduled civil fine and fees within the time to appear may result in the entry of a decision and order of default against you for the fine and fees for the violation and for necessary costs to abate the violation.**

A copy of this violation notice was served upon the alleged violator by:
☒ Posting and first class mail
I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief.

Authorized local official (printed) **Michael  Jones-Razor**

Authorized local official (signature)      ID No. **2222**
*/s/ Michael  Jones-Razor*                                              *08/30/2022*
Corporation Counsel approval for issuance of third party complaint

By: _____  Date: _____

**No.** **22092583DAH**

## City of Detroit Blight Violation Notice

☐ Property Maintenance Code ☐ Zoning Ordinance ☒ Solid Waste and Illegal Dumping Ordinance

Undersigned says on: **07/14/2022 at 08:40:00 AM**

Name (First, Middle, Last)
**JAMES & SHIRLEY   JOYNER**
Street Address
**505  E. BOSTON BLVD., DETROIT , MI 48202**
Vehicle Description (Year, Make, Color, Type)                    Vehicle Plate No.

The person named above is in violation of § **42-2-97(b)**

of Chapter    **42**    at **505 BOSTON BLVD**

Detroit, Michigan **48202**    as follows:

> **Allowing bulk solid waste to lie or accumulate on or about the premises**

1. The fine for this violation is $ **200.00**            ☐ repeat offender
2. The fee for this violation is **$30.**
3. The Hearing Date/Time: **Tuesday, November 1, 2022 at 10:30AM**
4. Hearing Location: **VIRTUAL COURT ROOM**

**Attend VIRTUAL Hearing:** Hearings are virtual only via Zoom. Attend by one of these methods:

**Desktop PCs & Laptops:** Go to **https://zoom.us**. Click on "Join a Call" and enter hearing with Meeting ID: **990 6345 5159**
**Tablets and Phones:** Install the Zoom App prior to call. At time of call, launch the Zoom App and enter hearing with Meeting ID: **990 6345 5159**
**Phone Call Only:** Call: **312-626-6799**       and enter hearing with Meeting ID: **990 6345 5159**

**Pay or Appear:** If you wish to admit responsibility and pay your fine and fees, you may pay by mail, phone or online as indicated below, on or before the above hearing date. To admit responsibility with explanation or deny responsibility, you must attend the virtual hearing on the date/time above. **Pay Blight Ticket:** There is a mandated $10.00 State justice assessment and a $20.00 City administrative fee for the processing and adjudication of this Blight Violation Notice. A fine paid before the hearing date shall be reduced by 10%. A fine paid after the hearing date shall be increased by 10%. **Payment Methods:** Online: 24 hours a day: **www.detroitmi.gov/dahonline**. DivDat Kiosks: Locations City-wide at: **www.divdat.com/location/**. **By Phone:** pay with credit card at 313-224-0098. By Mail: personal check, certified check or money order payable to Treasurer, City of Detroit, mailed to:

**Department of Appeals & Hearings**
Coleman A. Young Municipal Center, 2 Woodward Ave, Suite 1004, Detroit, MI 48226

Phone: **313-224-0098**  Business Hours: Monday-Friday 8:30 am – 4:30 pm

City of Detroit will provide language translation and hearing impaired signage. Email crio@detroitmi.gov for these services.

**WARNING: You are alleged to be responsible for a blight violation. Your failure to appear, or to admit responsibility, or to pay the scheduled civil fine and fees within the time to appear may result in the entry of a decision and order of default against you for the fine and fees for the violation and for necessary costs to abate the violation.**

A copy of this violation notice was served upon the alleged violator by:
☒ Posting and first class mail
I declare under the penalties of perjury that the statements above are true to the best of my information, knowledge, and belief.

Authorized local official (printed) **Michael  Jones-Razor**

Authorized local official (signature)       ID No. **2222**
**/s/ Michael  Jones-Razor**                                                    **08/30/2022**
Corporation Counsel approval for issuance of third party complaint

By: _____    Date: _____

 **Department of Appeals and Hearings**

| STATE OF MICHIGAN<br>CITY OF DETROIT<br>DEPARTMENT OF<br>APPEALS AND HEARINGS | **DECISION AND ORDER<br>AND JUDGMENT** | CASE NO.<br>**22055368DAH** |
|---|---|---|

Address: Coleman A. Young Muncipal Center - 2 Woodward Ave, Suite 1004, Detroit MI 48226   Telephone No: 313-224-0098

| Respondent's Name Address and Telephone No: | | Respondent: |
|---|---|---|
| JOYNER, JAMES & SHIRLEY<br>505 E Boston BLVD<br>Detroit MI 48202 | **V** | JOYNER, JAMES & SHIRLEY<br>**Violation Address:**505 BOSTON BLVD<br>**Violation Code:**8-15-35(a)(2) |

### FINDINGS OF FACT

**RESPONDENT:** <u>JOYNER, JAMES & SHIRLEY</u>          **PROPERTY ADDRESS:** <u>505 BOSTON BLVD</u>

LEGAL DESCRIPTION:

The Respondent is found to be Not responsible By **City Dismissal** for violation of 8-15-35(a)(2)
of the Detroit City Code: Failure of owner to obtain certificate of compliance – residential rental

### DECISION AND JUDGMENT

**IT IS ORDERED THAT RESPONDENT SHALL PAY:** <u>**$0.00**</u>

Fine <u>$0.00</u>      10% Discount <u>$0.00</u>   10% Penalty <u>$0.00</u>   Costs <u>$0.00</u>   JSA <u>$0.00</u> (State Justice Assessment Fee)   Admin.
Fee <u>$0.00</u> (Administrative Fee)   Other (Specify) <u>$0.00</u>   NSF Fee <u>$0.00</u>

**Judgment** <u>$0.00</u>      (10% Penalty Imposed if Payment Made After Hearing Date)

<u>**Monday  , Jun 13, 2022**</u>          *Angelita M. Martinez*          **P69339**
**Judgment Date**                              Hearing Officer                Bar-Number

Any appeal must be filed within 28 days of this judgment date. Judgment must be paid by hearing date or 10% penalty imposed and
collection actions commenced, including credit reporting, garnishments and liens. Per MCL 117.4r, a NOTICE OF JUDGMENT LIEN may be
filed in 30 days if judgment unpaid.

### CERTIFICATE OF SERVICE

I certify that a copy of this judgment was served upon the Party(ies) or their attorney(s) by personal service or by ordinary mail at the
above address(es) or counsel's address as filed with the Department.

<u>**Monday  , Jun 13, 2022**</u>          *Ramona Thompson*
**Date**                                    Court Clerk

Property Tax Identification Number:          Common Address:   **505 BOSTON BLVD**
DAH (11/17) DECISION AND ORDER AND JUDGMENT

---

**WE ACCEPT PAYMENT BY THE FOLLOWING METHODS: BY PHONE (313) 224-0098; IN PERSON OR BY MAIL AT 2 WOODWARD AVE.,
SUITE 1004; ONLINE AT  www.detroitmi.gov/dahonline**

 **Department of Appeals and Hearings**

| STATE OF MICHIGAN<br>CITY OF DETROIT<br>DEPARTMENT OF<br>APPEALS AND HEARINGS | DECISION AND ORDER<br>AND JUDGMENT | CASE NO.<br>22092581DAH |
|---|---|---|

Address: Coleman A. Young Muncipal Center - 2 Woodward Ave, Suite 1004, Detroit MI 48226 | Telephone No: 313-224-0098

| Respondent's Name Address and Telephone No: | | Respondent: |
|---|---|---|
| JOYNER , JAMES & SHIRLEY<br>505  E. BOSTON BLVD.<br>DETROIT   MI   48202 | V | JOYNER , JAMES & SHIRLEY<br>   Violation Address:505 BOSTON BLVD<br>   Violation Code:8-15-104 |

### FINDINGS OF FACT

**RESPONDENT:** <u>JOYNER , JAMES & SHIRLEY</u>          **PROPERTY ADDRESS:** <u>505 BOSTON BLVD</u>

LEGAL DESCRIPTION:

The Respondent is found to be Responsible By **Default** for violation of 8-15-104
of the Detroit City Code: Excessive weeds or plant growth one- or two-family dwelling or commercial Building

### DECISION AND JUDGMENT

**IT IS ORDERED THAT RESPONDENT SHALL PAY:** <u>$85.00</u>

Fine  <u>$50.00</u>     10% Discount  <u>$0.00</u>   10% Penalty  <u>$5.00</u>   Costs  <u>$0.00</u>   JSA  <u>$10.00</u> **(State Justice Assessment Fee)**   Admin.
Fee  <u>$20.00</u> **(Administrative Fee)**   Other (Specify)  <u>$0.00</u>   NSF Fee  <u>$0.00</u>

**Judgment**  <u>$85.00</u>     **(10% Penalty Imposed if Payment Made After Hearing Date)**

<u>**Tuesday  , Nov 1, 2022**</u>                                    P59106
**Judgment Date**                          **Hearing Officer**                       **Bar-Number**

Any appeal must be filed within 28 days of this judgment date. Judgment must be paid by hearing date or 10% penalty imposed and
collection actions commenced, including credit reporting, garnishments and liens. Per MCL 117.4r, a NOTICE OF JUDGMENT LIEN may be
filed in 30 days if judgment unpaid.

### CERTIFICATE OF SERVICE

I certify that a copy of this judgment was served upon the Party(ies) or their attorney(s) by personal service or by ordinary mail at the
above address(es) or counsel's address as filed with the Department.

<u>**Tuesday  , Nov 1, 2022**</u>
**Date**                                                    **Court Clerk**

Property Tax Identification Number:                 Common Address:   <u>505 BOSTON BLVD</u>
DAH (11/17) DECISION AND ORDER AND JUDGMENT

---

WE ACCEPT PAYMENT BY THE FOLLOWING METHODS: BY PHONE (313) 224-0098; IN PERSON OR BY MAIL AT 2 WOODWARD AVE.,
SUITE 1004; ONLINE AT  www.detroitmi.gov/dahonline

 **Department of Appeals and Hearings**

| STATE OF MICHIGAN<br>CITY OF DETROIT<br>DEPARTMENT OF<br>APPEALS AND HEARINGS | **DECISION AND ORDER<br>AND JUDGMENT** | CASE NO.<br>**22092582DAH** |
|---|---|---|

Address: Coleman A. Young Muncipal Center - 2 Woodward Ave, Suite 1004, Detroit MI 48226 | Telephone No: 313-224-0098

| Respondent's Name Address and Telephone No: | | Respondent: |
|---|---|---|
| JOYNER , JAMES & SHIRLEY<br>505  E. BOSTON BLVD.<br>DETROIT  MI  48202 | V | JOYNER , JAMES & SHIRLEY<br>**Violation Address:**505 BOSTON BLVD<br>**Violation Code:**8-15-110(a) |

### FINDINGS OF FACT

**RESPONDENT:**  JOYNER , JAMES & SHIRLEY            **PROPERTY ADDRESS:** 505 BOSTON BLVD

LEGAL DESCRIPTION:

The Respondent is found to be Responsible By **Default** for violation of 8-15-110(a)
of the Detroit City Code: Inoperable motor vehicle(s) one- or two-family dwelling or commercial building

### DECISION AND JUDGMENT

**IT IS ORDERED THAT RESPONDENT SHALL PAY:** $140.00

Fine  $100.00       10% Discount  $0.00   10% Penalty  $10.00   Costs  $0.00   JSA   $10.00 (State Justice Assessment Fee)
Admin. Fee  $20.00 (Administrative Fee)   Other (Specify)  $0.00   NSF Fee  $0.00

**Judgment  $140.00**        **(10% Penalty Imposed if Payment Made After Hearing Date)**

**Tuesday , Nov 1, 2022**                    _Dhakira Hawkins_              **P59106**
**Judgment Date**                        **Hearing Officer**                **Bar-Number**

Any appeal must be filed within 28 days of this judgment date. Judgment must be paid by hearing date or 10% penalty imposed and
collection actions commenced, including credit reporting, garnishments and liens. Per MCL 117.4r, a NOTICE OF JUDGMENT LIEN may be
filed in 30 days if judgment unpaid.

### CERTIFICATE OF SERVICE

I certify that a copy of this judgment was served upon the Party(ies) or their attorney(s) by personal service or by ordinary mail at the
above address(es) or counsel's address as filed with the Department.

**Tuesday , Nov 1, 2022**                      _Ramona Thompson_
**Date**                                **Court Clerk**

Property Tax Identification Number:              Common Address:   505 BOSTON BLVD
DAH (11/17) DECISION AND ORDER AND JUDGMENT

---

WE ACCEPT PAYMENT BY THE FOLLOWING METHODS: BY PHONE (313) 224-0098; IN PERSON OR BY MAIL AT 2 WOODWARD AVE.,
SUITE 1004; ONLINE AT  www.detroitmi.gov/dahonline

 **Department of Appeals and Hearings**

| STATE OF MICHIGAN<br>CITY OF DETROIT<br>DEPARTMENT OF<br>APPEALS AND HEARINGS | **DECISION AND ORDER<br>AND JUDGMENT** | CASE NO.<br>**22092583DAH** |
|---|---|---|

| Address: Coleman A. Young Muncipal Center - 2 Woodward Ave, Suite 1004, Detroit MI 48226 | Telephone No: 313-224-0098 |
|---|---|

| Respondent's Name Address and Telephone No: | | Respondent: |
|---|---|---|
| JOYNER , JAMES & SHIRLEY<br>505 E. BOSTON BLVD.<br>DETROIT MI 48202 | V | JOYNER , JAMES & SHIRLEY<br>**Violation Address:**505 BOSTON BLVD<br>**Violation Code:**42-2-97(b) |

### FINDINGS OF FACT

**RESPONDENT:** <u>JOYNER , JAMES & SHIRLEY</u>          **PROPERTY ADDRESS:** <u>505 BOSTON BLVD</u>

LEGAL DESCRIPTION:

The Respondent is found to be Responsible By **Default** for violation of 42-2-97(b)
of the Detroit City Code: Allowing bulk solid waste to lie or accumulate on or about the premises

### DECISION AND JUDGMENT

**IT IS ORDERED THAT RESPONDENT SHALL PAY:** <u>**$250.00**</u>

Fine <u>**$200.00**</u>   10% Discount <u>$0.00</u>  10% Penalty <u>$20.00</u>  Costs <u>$0.00</u>  JSA  <u>$10.00</u> (State Justice Assessment Fee)
Admin. Fee <u>$20.00</u> (Administrative Fee)  Other (Specify) <u>$0.00</u>  NSF Fee <u>$0.00</u>

**Judgment** <u>$250.00</u>       (10% Penalty Imposed if Payment Made After Hearing Date)

<u>**Tuesday , Nov 1, 2022**</u>                                   **P59106**
**Judgment Date**                          **Hearing Officer**          **Bar-Number**

Any appeal must be filed within 28 days of this judgment date. Judgment must be paid by hearing date or 10% penalty imposed and
collection actions commenced, including credit reporting, garnishments and liens. Per MCL 117.4r, a NOTICE OF JUDGMENT LIEN may be
filed in 30 days if judgment unpaid.

### CERTIFICATE OF SERVICE

I certify that a copy of this judgment was served upon the Party(ies) or their attorney(s) by personal service or by ordinary mail at the
above address(es) or counsel's address as filed with the Department.

<u>**Tuesday , Nov 1, 2022**</u>
**Date**                                           **Court Clerk**

Property Tax Identification Number:          Common Address:   <u>**505 BOSTON BLVD**</u>
DAH (11/17) DECISION AND ORDER AND JUDGMENT

---

WE ACCEPT PAYMENT BY THE FOLLOWING METHODS: BY PHONE (313) 224-0098; IN PERSON OR BY MAIL AT 2 WOODWARD AVE.,
SUITE 1004; ONLINE AT www.detroitmi.gov/dahonline

 **Department of Appeals and Hearings**

| STATE OF MICHIGAN<br>CITY OF DETROIT<br>DEPARTMENT OF<br>APPEALS AND HEARINGS | DECISION AND ORDER<br>AND JUDGMENT | CASE NO.<br>17012485DAH |
|---|---|---|

Address: Coleman A. Young Muncipal Center - 2 Woodward Ave, Suite 1004, Detroit MI 48226    Telephone No: 313-224-0098

| Respondent's Name Address and Telephone No: | | Respondent: |
|---|---|---|
| JOYNER, JAMES & SHIRLEY<br>505 E. BOSTON BLVD<br>DETROIT MI  48202-1322 | V | JOYNER, JAMES & SHIRLEY<br>   Violation Address:505 BOSTON BLVD<br>Violation Code:22-2-88(b) |

### FINDINGS OF FACT

**RESPONDENT:  JOYNER, JAMES & SHIRLEY**          **PROPERTY ADDRESS:  505 BOSTON BLVD**

LEGAL DESCRIPTION:

The Respondent is found to be Responsible (Fine Waived) By **Determination** for violation of 22-2-88(b)
of the Detroit City Code: Allowing bulk solid waste to lie or accumulate on or about the premises

### DECISION AND JUDGMENT

**IT IS ORDERED THAT RESPONDENT SHALL PAY: $60.00**

Fine  **(WAIVED)**   10% Discount  $0.00   10% Penalty  $0.00   Costs  $30.00   JSA   $10.00 (State Justice Assessment Fee)   Admin.
Fee  $20.00 (Administrative Fee)   Other (Specify)  $0.00   NSF Fee  $0.00

**Judgment  $60.00**      **(10% Penalty Imposed if Payment Made After Hearing Date)**

**Wednesday, Jul 5, 2017**                                              **P70474**
Judgment Date                                    Hearing Officer                Bar-Number

Any appeal must be filed within 28 days of this judgment date. Judgment must be paid by hearing date or 10% penalty imposed and
collection actions commenced, including credit reporting, garnishments and liens. Per MCL 117.4r, a NOTICE OF JUDGMENT LIEN may be
filed in 30 days if judgment unpaid.

### CERTIFICATE OF SERVICE

I certify that a copy of this judgment was served upon the Party(ies) or their attorney(s) by personal service or by ordinary mail at the
above address(es) or counsel's address as filed with the Department.

Date                                                                        Court Clerk

Property Tax Identification Number:                    Common Address:   **505 BOSTON BLVD**
DAH (11/17) DECISION AND ORDER AND JUDGMENT

WE ACCEPT PAYMENT BY THE FOLLOWING METHODS: BY PHONE (313) 224-0098; IN PERSON OR BY MAIL AT 2 WOODWARD AVE.,
SUITE 1004; ONLINE AT  www.detroitmi.gov/dahonline

 **Department of Appeals and Hearings**

## <u>Disposition by Respondent Name - Violation Address Report</u>

| Ticket Number | Respondent | Street Number | Street Name | Violation Code | Violation Description | Issuer | Issue Date | Court Date | Judgment Date | Disposition | Fine Amount | Judgment Amount | Recent Payment | Amount Paid | Balance | Status |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17012485DAH | JOYNER, JAMES & SHIRLEY | 505 | BOSTON BLVD | 22-2-88(b) | Allowing bulk solid waste to lie or accumulate on or about the premises | Jones, Billy | Jun 12, 2017 | Jul 5, 2017 | Jul 5, 2017 | Responsible (Fine Waived) By Determination | 500 | 30 | Jul 5, 2017 | 30 | 0 | |
| 22055368DAH | JOYNER, JAMES & SHIRLEY | 505 | BOSTON BLVD | 8-15-35(a)(2) | Failure of owner to obtain certificate of compliance – residential rental | Austin, Steven | May 24, 2022 | Jun 13, 2022 | Jun 13, 2022 | Not responsible By City Dismissal (Ticket Error) | 250 | 0 | - | | 0 | |
| 22092581DAH | JOYNER , JAMES & SHIRLEY | 505 | BOSTON BLVD | 8-15-104 | Excessive weeds or plant growth one- or two-family dwelling or commercial Building | Jones-Razor, Michael | Aug 30, 2022 | Nov 1, 2022 | Nov 1, 2022 | Responsible By Default | 50 | 85 | Nov 3, 2022 | 85 | 0 | |
| 22092582DAH | JOYNER , JAMES & SHIRLEY | 505 | BOSTON BLVD | 8-15-110(a) | Inoperable motor vehicle(s) one- or two-family dwelling or commercial building | Jones-Razor, Michael | Aug 30, 2022 | Nov 1, 2022 | Nov 1, 2022 | Responsible By Default | 100 | 140 | Nov 3, 2022 | 140 | 0 | |
| 22092583DAH | JOYNER , JAMES & SHIRLEY | 505 | BOSTON BLVD | 42-2-97(b) | Allowing bulk solid waste to lie or accumulate on or about the premises | Jones-Razor, Michael | Aug 30, 2022 | Nov 1, 2022 | Nov 1, 2022 | Responsible By Default | 200 | 250 | Nov 3, 2022 | 250 | 0 | |
| Overall - Total | | | | | | | | | | | 1,100 | 505 | | 505 | 0 | |

# EXHIBIT B

454



**City of Detroit**
**Buildings, Safety Engineering and Environmental Department**
**Property Maintenance Division**
**Coleman A. Young Municipal Center**
2 Woodward Avenue, 4th Floor, Suite 412, Detroit, Michigan 48226
**(313) 628-2451**

# CORRECTION ORDER

2022-01-28

**Owner:**
James & Shirley Joyner
505 East Boston Blvd.
Detroit, MI 48202

| | |
|---|---|
| Record ID | **: PMB2020-01263** |
| Type of Use | : |
| Tenant | : |
| Location | : 505 E BOSTON BLVD |
| | Detroit, Michigan 48202 |

| | | | |
|---|---|---|---|
| **Inspection Type** | : Distr Manager Insp | **Inspection Result** | : FAIL |
| **Inspector** | : Monica Sparks | **Inspection ID** | : 32097035 |

The Property Maintenance inspected the above premises on **01/28/2022**
Violations of the Detroit **Property Maintenance Code and/or Official Zoning Ordinance** were found to exist and corrections shall be made on or before the compliance date.
**Compliance Date :** 02/27/2022

## Violations

**RESIDENTIAL ADMIN 2020**

1   RESIDENTIAL ADMIN 2020

   Register Vacant Building - Sec. 8-15-45 | Register Vacant building. | NON-COMPLIANT

2   RESIDENTIAL ADMIN 2020

   Pay Fees - Sec. 8-15-33 | In order to obtain the required Certificate of Compliance you must pay the prescribed fee as invoiced. | NON-COMPLIANT

**RESIDENTIAL EXTERIOR 2020**

3   RESIDENTIAL EXTERIOR 2020

   Solid Waste - Sec. 8-15-101 | Exterior of buildings, premises, and structures shall be maintained free from any accumulation of solid waste and be maintained in a clean, safe and sanitary condition. | NON-COMPLIANT

4   RESIDENTIAL EXTERIOR 2020

   Building Identification - Sec. 8-15-202 | Provide an approved address number, a minimum height of 4 inches, placed in a position to be plainly legible and visible from the street fronting the property. Address numbers shall contrast with their back ground and shall be Arabic numerals or roman letters. | NON-COMPLIANT

5   RESIDENTIAL EXTERIOR 2020

   Roofing - Sec. 8-15-206 | Replace defective roofing material/ flashing. | NON-COMPLIANT

6   RESIDENTIAL EXTERIOR 2020

   Gutters and Downspouts - Sec. 8-15-206 | Repair / Replace defective missing gutter(s) and/or downspouts. | NON-COMPLIANT

7   RESIDENTIAL EXTERIOR 2020

   Exterior Trim - Sec. 8-15-201 | Exterior surfaces, including, but not limited to, ( ) balconies, ( ) cornices, ( ) decks, ( ) doors, ( ) window frames, ( ) fences, ( ) porches, and ( ) trim shall be maintained in good condition and be free of broken, crumbling, loose, missing, and rotting materials. | NON-COMPLIANT

8   RESIDENTIAL EXTERIOR 2020

   Exterior Paint - Sec. 8-15-201 | Exterior wood or metal surfaces, shall be protected from the elements and decay by painting or other protective covering or treatment. Peeling, flaking, chipped paint shall be eliminated and surfaces repainted with lead-free paint. | NON-COMPLIANT

9   RESIDENTIAL EXTERIOR 2020

   Siding and Masonry - Sec. 8-15-201 | Siding and masonry joints, shall be maintained in good repair, be weather resistant and water tight. | NON-COMPLIANT

10   RESIDENTIAL EXTERIOR 2020

   Chimney - Sec. 8-15-210 | All chimneys, cooling towers, smoke stacks, and similar appurtenances shall be maintained structurally safe and sound, and in good repair. All exposed surfaces of metal or wood shall be protected from the elements and against decay or rust by periodic application of weather-coating materials, such as paint or similar surface treatment. | NON-COMPLIANT

11   RESIDENTIAL EXTERIOR 2020

   Satellite Dish/TV Antenna - Sec. 8-15-17 | Remove or properly anchor equipment. | NON-COMPLIANT

Telephone inquiries may be made between 8:00 am and 4:00 pm Monday - Friday.

NOTE: YOU ARE REQUIRED TO OBTAIN A CERTIFICATE OF COMPLIANCE FOR YOUR PROPERTY. UNDER CERTAIN CONDITIONS, YOU MAY BE ENTITLED TO RECEIVE A TEMPORARY CERTIFICATE OF COMPLIANCE WHILE CORRECTIONS ARE IN PROGRESS.

TO RECEIVE THE REQUIRED CERTIFICATE OF COMPLIANCE FOR INSPECTION OR MAINTENANCE OF GRANT CONDITIONS, YOU MUST PERFORM THE FOLLOWING:

1. CORRECT ALL OF THE DEFICIENCIES LISTED ABOVE.
2. PAY THE REQUIRED INSPECTION FEES AS INVOICED.
3. CALL (313) 628-2451 FOR A RE-INSPECTION AFTER CORRECTION OF DEFICIENCIES AND PAYMENTS OF THE FEES AS INVOICED.
4. YOU MUST REGISTER YOUR RESIDENTIAL RENTAL PROPERTY.

YOUR FAILURE TO COMPLY WITH THE ABOVE WILL RESULT IN THE ISSUANCE OF ONE OR MORE TICKETS WHICH WILL BE HEARD AT THE CITY OF DETROIT, DEPARTMENT OF ADMINISTRATIVE HEARINGS, WHICH IS LOCATED AT 1004 COLEMAN A. YOUNG MUNICIPAL CENTER DETROIT, MICHIGAN 48226

# EXHIBIT C

600



**City of Detroit**
**Buildings, Safety Engineering and Environmental Department**
**Property Maintenance Division**
**Coleman A. Young Municipal Center**
2 Woodward Avenue, 4th Floor, Suite 412, Detroit, Michigan 48226
(313) 628-2451 or E-mail pm@detroitmi.gov

# CORRECTION ORDER

04/14/2022

| | |
|---|---|
| Record ID | : **VPO2022-00176** |
| Location | : 505 BOSTON |
| | DETROIT, MI 48202 |

<u>Owner:</u>
Joyner, James & Shirley
505 E Boston Blvd
Detroit, MI 48202 132

District : 5

| | | | |
|---|---|---|---|
| Inspection Type | : Vacant Property Inspection | Inspection Result | : FAIL |
| Inspector | : Steven Austin | Inspection ID | : 32143589 |

The Property Maintenance inspected the above premises on **04/14/2022**
Violations of the Detroit **Property Maintenance Code and/or Official Zoning Ordinance** were found to exist and
corrections shall be made on or before the compliance date.
**Compliance Date :** 05/14/2022

---

<u>**Violations**</u>

<u>**VACANT PROPERTY 2020**</u>

| 1 | VACANT PROPERTY 2020 | | |
|---|---|---|---|
| | Post Emergency Contact Information - Sec. 8-15-45( c ) | A notice that is sheltered from the weather, which indicates the name and telephone number of a local person to be contacted in the event of an emergency or other concern at the property, shall be visually posted on the vacant building or structure. | NON-COMPLIANT |
| 2 | VACANT PROPERTY 2020 | | |
| | Secure from Elements - Sec. 8-15-113(11) | Openings that are less than one (1) square foot in area and higher than eight (8) feet above the ground may be boarded with plywood, provided, that the plywood is made weather tight and finished with varnish, or paint of a similar color to the exterior wall, and cut to the inside dimension of the exterior of the opening, and otherwise secured in the manner prescribed by the Department.  roof is wide open | NON-COMPLIANT |
| 3 | VACANT PROPERTY 2020 | | |
| | Roofs and Drainage - Sec. 8-15-206 | Replace defective roofing material and/or flashing.  roof on this structure is open to the Elements   replace roof and roof structure | NON-COMPLIANT |

---

Telephone inquiries may be made between 8:00 am and 4:00 pm Monday - Friday.

NOTE: YOU ARE REQUIRED TO OBTAIN A CERTIFICATE OF COMPLIANCE FOR YOUR PROPERTY. UNDER CERTAIN CONDITIONS, YOU MAY BE ENTITLED TO RECEIVE A TEMPORARY CERTIFICATE OF COMPLIANCE WHILE CORRECTIONS ARE IN PROGRESS.

TO RECEIVE THE REQUIRED CERTIFICATE OF COMPLIANCE FOR INSPECTION OR MAINTENANCE OF GRANT CONDITIONS, YOU MUST PERFORM THE FOLLOWING:

1. CORRECT ALL OF THE DEFICIENCIES LISTED ABOVE.
2. PAY THE REQUIRED INSPECTION FEES AS INVOICED.
3. CALL {PMB_PHONE} FOR A RE-INSPECTION AFTER CORRECTION OF DEFICIENCIES AND PAYMENTS OF THE FEES AS INVOICED.
4. YOU MUST REGISTER YOUR VACANT PROPERTY.

YOUR FAILURE TO COMPLY WITH THE ABOVE WILL RESULT IN THE ISSUANCE OF ONE OR MORE TICKETS WHICH WILL BE HEARD AT THE CITY OF DETROIT, DEPARTMENT OF ADMINISTRATIVE HEARINGS, WHICH IS LOCATED AT 1004 COLEMAN A. YOUNG MUNICIPAL CENTER DETROIT, MICHIGAN 48226

# EXHIBIT D

















