IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SHIRLEY JOYNER and JAMES JOYNER,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CITY OF DETROIT, a municipal Corporation, THE DETROIT LAND BANK AUTHORITY, a public-benefit Corporation, SUPREME TEAM DISASTER UNIT, LLC, a Michigan limited liability company, and CHARLES HENDON,<br><br>　　　　　　　　　Defendants. | Case No. 23-cv-10715<br><br>Hon. Linda V. Parker<br><br>**DEFENDANT DETROIT LAND BANK AUTHORITY'S MOTION TO DISMISS FOR FAILURE TO PROSECUTE** |

  Defendant Detroit Land Bank Authority (the "DLBA" or the "Land Bank") moves this Court to dismiss all of Plaintiffs' claims against the DLBA asserted in the Amended Complaint with prejudice under Fed. R. Civ. P. 41(b) because Plaintiffs have failed to prosecute this case by disregarding this Court's orders and failing to timely respond to the DLBA's Motion to Dismiss. In further support thereof, the DLBA incorporates by reference the attached Brief in Support.

  WHEREFORE, for the foregoing reasons, as further stated in its Brief in Support, Defendant DLBA respectfully requests this Court: (i) dismiss all claims against the DLBA with prejudice; (ii) award the DLBA its costs and reasonable

attorney fees incurred in filing this Motion; and (iii) grant such other and further relief as is just.

Dated: November 7, 2023    Respectfully submitted,

*/s/ Nathan J. Fink*
David H. Fink (P28235)
Nathan J. Fink (P75185)
David A. Bergh (P83696)
FINK BRESSACK
645 Griswold St., Suite 1717
Detroit, MI 48226
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
dbergh@finkbressack.com

## LR 7.1 STATEMENT OF CONFERRAL

In accordance with E.D. Mich. LR 7.1(a), on November 7, 2023, counsel for the Detroit Land Bank Authority explained the nature of the motion and its legal basis to counsel for Plaintiffs and requested but did not obtain concurrence in the relief sought.

Dated: November 7, 2023                                Respectfully submitted,

*/s/ Nathan J. Fink*
David H. Fink (P28235)
Nathan J. Fink (P75185)
David A. Bergh (P83696)
FINK BRESSACK
645 Griswold St., Suite 1717
Detroit, MI 48226
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
dbergh@finkbressack.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SHIRLEY JOYNER and JAMES JOYNER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF DETROIT, a municipal Corporation, THE DETROIT LAND BANK AUTHORITY, a public-benefit Corporation, SUPREME TEAM DISASTER UNIT, LLC, a Michigan limited liability company, and CHARLES HENDON,<br><br>Defendants. | Case No. 23-cv-10715<br><br>Hon. Linda V. Parker |

**DEFENDANT DETROIT LAND BANK AUTHORITY'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO PROSECUTE**

# **TABLE OF CONTENTS**

INTRODUCTION AND FACTUAL BACKGROUND ..................................................................1

STANDARD OF REVIEW ..................................................................................................1

ARGUMENT ........................................................................................................................2

    I.    Plaintiffs Have Abandoned Their Case, Warranting Dismissal With Prejudice. ..................................................................................................2

        A.    Plaintiffs have Willfully Failed to Prosecute Their Case, Refusing to Respond to Motions to Dismiss and Ignoring an Order to Show Cause. ..................................................................................................2

        B.    Plaintiffs' Conduct has Prejudiced the DLBA .............................................4

        C.    The Court Warned Plaintiffs that Failure to Prosecute the Case Could Lead to Dismissal of Claims. ........................................................5

        D.    Dismissal With Prejudice is the Appropriate Sanction. ..............................5

CONCLUSION .....................................................................................................................6

## **STATEMENT OF ISSUE PRESENTED**

Whether this Court should dismiss Plaintiffs' First Amended Complaint as to the DLBA pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute.

    Defendant DLBA's Answer:     Yes.

# **CONTROLLING OR MOST APPROPRIATE AUTHORITIES**

Fed. R. Civ. P. 41(b)

# **TABLE OF AUTHORITIES**

**Cases**

*Cowley v. Prudential Sec., Inc.*,
  No. 2:21-CV-10491, 2022 WL 3999839 (E.D. Mich. July 27, 2022), aff'd, No.
  22-1760, 2023 WL 2592873 (6th Cir. Mar. 22, 2023) ............................................5

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359 (6th Cir. 1999) ...................... 2, 3, 4, 5

*Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586 (6th Cir. 2001) ..............................2

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731 (6th Cir. 2008) ...........1, 4

*United States ex rel. Oakes v. Cinnaire*,
  No. 20-1067, 2023 WL 5095977 (6th Cir. Aug. 9, 2023) ..............................2, 5

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641 (6th Cir. 2005) ............................................3

**Other Authorities**

Black's Law Dictionary (11th ed. 2019) ................................................................3

**Rules**

Fed. R. Civ. P. 41(b) ................................................................................ 1, 2, 3, 6

## INTRODUCTION AND FACTUAL BACKGROUND

Plaintiffs have failed to prosecute this case. Plaintiffs' failure to respond to: (1) the City of Detroit's Motion to Dismiss (ECF No. 13), (2) this Court's Order to Show Cause (ECF No. 16), and (3) the Detroit Land Bank Authority's ("DLBA") Motion to Dismiss (ECF No. 15) demonstrate that Plaintiffs have abandoned their case. On March 27, 2023—over seven months ago—Plaintiffs filed their initial Complaint (ECF No. 1). On June 24, 2023, Plaintiffs filed their First Amended Complaint (ECF No. 3), which added the DLBA to this case. Since that time, Plaintiffs have done nothing to move this case forward. Instead, they have wasted judicial resources and forced the DLBA to incur significant costs in defense of this frivolous case. This Court should dismiss all claims against the DLBA with prejudice, and award the DLBA costs and attorneys' fees.

## STANDARD OF REVIEW

Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action or claim for a plaintiff's failure to prosecute their case or comply with a court order. *See Schafer v. City of Defiance Police Dept.*, 529 F.3d 731 736 (6th Cir. 2008). When evaluating a motion to dismiss under Rule 41(b), courts apply a four-factor test. First, "whether the party's failure [to prosecute their claim] is due to willfulness, bad faith, or fault"; second, "whether the adversary was prejudiced by the dismissed party's conduct"; third, "whether the dismissed party was warned that

failure to cooperate could lead to dismissal"; and fourth, "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). No single factor is dispositive. *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001). However, a case is properly dismissed where there is a "clear record of delay or contumacious conduct." *Knoll*, 176 F.3d at 363.

## ARGUMENT

### I. Plaintiffs Have Abandoned Their Case, Warranting Dismissal With Prejudice.

Plaintiffs have ignored two Motions to Dismiss and this Court's Order to Show Cause. Their failure to do the bare minimum in support of their claims demonstrates that Plaintiffs have abandoned their case and warrants dismissal under Fed. R. Civ. P. 41(b). Courts must consider four factors when reviewing a motion to dismiss under Rule 41(b). *Knoll*, 176 F.3d at 363. While all four factors need not be present to dismiss under Rule 41(b), each factor weighs in favor of dismissal here. *See Mulbah* 261 F.3d at 591.

### A. Plaintiffs have Willfully Failed to Prosecute Their Case, Refusing to Respond to Motions to Dismiss and Ignoring an Order to Show Cause.

The first factor is the most important. *United States ex rel. Oakes v. Cinnaire*, No. 20-1067, 2023 WL 5095977, at *3 (6th Cir. Aug. 9, 2023). Under this factor, courts examine "whether the party's failure [to prosecute their case] is due to

2

willfulness, bad faith, or fault." *Knoll*, 176 F.3d at 363. A party's conduct is motivated by willfulness, bad faith, or fault if it "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

The first factor is particularly significant where the plaintiff engaged in "contumacious conduct." *See, e.g., Knoll*, 176 F.3d at 366 ("Although review of a Rule 41(b) dismissal typically involves consideration of the remaining three factors cited earlier, their importance fades in the face of the conclusion that dismissal was warranted by contumacious conduct.") Black's Law Dictionary defines contumacious conduct as "A willful disobedience of a court order." Black's Law Dictionary (11th ed. 2019).

Plaintiffs' complete inaction since filing their amended complaint on June 24, 2023, despite multiple Motions to Dismiss and a Court Order, represents a willful disregard for the effect of their conduct on the proceedings and contumacious conduct.[1] Courts have dismissed cases under Rule 41(b) for less. For instance, in *Evans v. Liberty Ins. Corp.*, 702 F. App'x 297, 298 (6th Cir. 2017), the Sixth Circuit affirmed dismissal of a plaintiff's claim after the plaintiff missed

---

[1] Further, as noted in the DLBA's original Motion to Dismiss, despite acknowledging that Plaintiffs' 17th Amendment "appears very out of place in this lawsuit" that was "[m]aybe…placed…in error," Plaintiffs have taken no action to notify this Court of the error, nor have they requested voluntary dismissal of this patently frivolous claim.

3

discovery deadlines, submitted insufficient discovery responses, and then missed a final deadline. In *Knoll*, 176 F.3d at 364, plaintiffs ignored court orders and then attempted to force the court to grant a continuance by refusing to proceed on the day of trial.

Here, Plaintiffs are not merely neglecting discovery requests or half-heartedly engaging in the litigation process. They are disengaged from the litigation altogether. Where the plaintiff in *Evans* eventually responded to the defendant's discovery request, albeit insufficiently, Plaintiffs in the present case have offered nothing but radio silence for more than four months. In *Knoll*, the plaintiffs prosecuted their case sufficiently to make it to trial. *Knoll*, 176 F.3d at 362. Here, Plaintiffs have done nothing more than file their complaint. Finally, like the plaintiff's indifference to court orders in *Knoll*, Plaintiffs' ongoing disregard for this Court's Order to Show Cause is contumacious conduct that weighs heavily in favor of dismissal.

### B. Plaintiffs' Conduct has Prejudiced the DLBA

The second factor is whether the opposing party was prejudiced by the dilatory party's conduct. *Knoll*, 176 F.3d at 363. The Sixth Circuit has found that a defendant is prejudiced where it "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Schafer*, 529 F.3d at 737. Plaintiffs' inaction has required the DLBA to spend resources and

waste time and effort requesting voluntary dismissal of this frivolous lawsuit, preparing and filing the original Motion to Dismiss (ECF No. 15), and filing this motion.

### C. The Court Warned Plaintiffs that Failure to Prosecute the Case Could Lead to Dismissal of Claims.

The third factor clearly supports dismissal. Under this factor, the court must ask "whether the dismissed party was warned that failure to cooperate could lead to dismissal." *Knoll*, 176 F.3d at 363. There is no question that Plaintiffs were warned that failure to cooperate could lead to dismissal. This Court warned Plaintiffs that they had 14 days to respond in writing "as to why the City of Detroit's motion to dismiss should not be granted and their claims against this Defendant dismissed with prejudice for the reasons set forth in the motion and for failure to prosecute." (ECF No. 16) Still, they failed to do so.

### D. Dismissal With Prejudice is the Appropriate Sanction.

Finally, the fourth factor also supports dismissal. In its Order to Show Cause this Court demonstrated that it was amenable to lesser sanctions by allowing Plaintiffs to explain why their claims should not be dismissed with prejudice for failure to prosecute. *See Cinnaire*, 2023 WL 5095977, at *4 n.10 ("We noted in our earlier order that the district court did not explicitly cite alternative sanctions in its final order dismissing the case. But the court's show cause orders make clear that the court was aware of the alternatives."). The fact that Plaintiffs declined this

5

opportunity is evidence that lesser sanctions are likely futile. *See Cowley v. Prudential Sec., Inc.*, No. 2:21-CV-10491, 2022 WL 3999839, at *2 (E.D. Mich. July 27, 2022), aff'd, No. 22-1760, 2023 WL 2592873 (6th Cir. Mar. 22, 2023) ("Because Plaintiff had not appeared in the case, a lesser sanction [than dismissal] would have been futile.") Plaintiffs failed to respond to multiple dispositive motions and a court order. Dismissal with prejudice is the appropriate sanction.

All four factors weigh in favor of dismissing Plaintiffs' claims with prejudice. Plaintiffs have had ample opportunity to prosecute their case. The City of Detroit filed its motion to dismiss on September 12, 2023. (ECF No. 13) When Plaintiffs failed to respond, this Court gave Plaintiffs an additional opportunity with its Order to Show Cause on October 11, 2023. (ECF No. 16) The DLBA filed its motion to dismiss on October 10, 2023, yet Plaintiffs have not responded. (ECF No. 15) As such, dismissal under Fed. R. Civ. P. 41(b) is warranted.

## **CONCLUSION**

For the foregoing reasons, the Detroit Land Bank Authority respectfully requests this Court (i) dismiss all claims against it with prejudice under Fed. R. Civ. P. 41(b); (ii) award the DLBA its costs and reasonable attorney's fees incurred in filing this Motion; and (iii) grant such other and further relief as is just.

Dated: November 7, 2023

Respectfully submitted,

*/s/ Nathan J. Fink*
David H. Fink (P28235)
Nathan J. Fink (P75185)
David A. Bergh (P83696)
FINK BRESSACK
645 Griswold St., Suite 1717
Detroit, MI
Tel: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com
dbergh@finkbressack.com

*Counsel for the DLBA*