UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES JOYNER and
SHIRLEY JOYNER,

      Plaintiffs,

v.

Case No. 23-cv-10715
Honorable Linda V. Parker

CHARLES HENDON,
SUPREME TEAM DISASTER UNIT, LLC,
DETROIT LAND BANK AUTHORITY,
and CITY OF DETROIT,

      Defendants.
_____/

**OPINION AND ORDER (1) DISMISSING PLAINTIFFS' COMPLAINT AGAINST DEFENDANTS CITY OF DETROIT AND DETROIT LAND BANK AUTHORITY FOR FAILURE TO PROSECUTE; AND (2) REQUIRING PLAINTIFFS TO SHOW CAUSE AS TO WHY THEIR CLAIMS AGAINST THE REMAINING DEFENDANTS SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE AND PROSECUTE**

## Background

Plaintiffs, through counsel, initiated this lawsuit against Defendants on March 27, 2023. (ECF No. 1.) Plaintiffs filed an Amended Complaint on June 24. (ECF No. 3.) After some delay, Plaintiffs obtained waiver of service forms from Defendants City of Detroit ("City") and the Detroit Land Bank Authority ("DLBA"). (ECF Nos. 11, 12.) The City filed a motion to dismiss Plaintiffs' Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6)

on September 12 (ECF No. 13), and the DLBA filed a motion to dismiss Plaintiffs' Amended Complaint pursuant to Rule 12(b)(6) on October 10 (ECF No. 15). When Plaintiffs failed to timely respond to the DLBA's motion to dismiss, it also filed a motion to dismiss for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) on November 7. (ECF No. 17.) There is no filing on the docket reflecting that Plaintiffs have served Defendants Charles Hendon or Supreme Team Disaster Unit, LLC ("STDU").

Plaintiffs' response to the City's motion to dismiss was due on October 3. *See* E.D. Mich. LR 7.1(e)(2)(A). On October 11, when Plaintiffs failed to respond, this Court issued an order requiring Plaintiffs to show cause in writing, within fourteen days, why the City's motion should not be granted and/or their claims dismissed against the City pursuant to Eastern District of Michigan Local Rule 41.2. (ECF No. 16.) Plaintiffs failed to respond to the show cause order. As indicated, Plaintiffs also failed to timely respond to the DLBA's Rule 12(b)(6) motion.

## **Applicable Law & Analysis**

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. . . .

2

Fed. R. Civ. P. 4(m). The rule further provides, however, that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*.

Rule 41(b) empowers a court upon motion of a defendant to dismiss an action or any claim due to the plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b). Similarly, Eastern District of Michigan Local Rule 41.2 provides, in relevant part: "when it appears . . . that the parties have taken no action for a reasonable time, the Court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing . . . the case unless good cause is shown." The Sixth Circuit has identified four factors for a court to consider in deciding whether to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). "'Although typically none of the factors is outcome dispositive, … a case is properly dismissed by the district court where there is a clear record of delay or contumacious

conduct.'" *Shafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Knoll*, 176 F.3d at 363).

Here, the record demonstrates such delay. Plaintiffs failed to respond to the motions to dismiss filed by the served Defendants and have not apparently served the remaining Defendants. Plaintiffs ignored this Court's show cause order. They have taken no action to defend their claims against dismissal or to prosecute this action against Defendants Hendon or STDU. Given Plaintiffs' apparent abandonment of their lawsuit, the Court sees no utility in considering or imposing lesser sanctions.

Taken together, the relevant factors support dismissal of this lawsuit with prejudice for failure to prosecute.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Amended Complaint is **DISMISSED WITH PREJUDICE** pursuant to Federal Rule of Civil Procedure 41(b) and/or Eastern District of Michigan Local Rule 41.2 against Defendants City of Detroit and the Detroit Land Bank Authority.

**IT IS FURTHER ORDERED** that the pending motions to dismiss (ECF Nos. 13, 15, and 17) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of this Opinion and Order, Plaintiffs must **SHOW CAUSE in writing** as to why their

claims against Defendants Charles Hendon and Supreme Team Disaster Unit, LLC should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) and Local Rule 41.2.  If Plaintiffs (1) fail to respond and (2) fail to show good cause for their failure to prosecute their claims against these Defendants, the Amended Complaint will be dismissed with prejudice against them, as well.

    **SO ORDERED.**

                                            s/ Linda V. Parker
                                            LINDA V. PARKER
                                            U.S. DISTRICT JUDGE

Dated: November 8, 2023